UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DEVIN KENNEDY | CIVIL ACTION NO. 07-1049 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CITY OF SHREVEPORT, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court are cross Motions for Summary Judgment (Record Documents 15 & 16) filed by plaintiff, Devin Kennedy ("Kennedy"), and by defendants, the City of Shreveport, former Interim Chief Mike Vansant,[1] and Officer Jessica Powell ("defendants"). For the reasons which follow, the Motion for Summary Judgment (Record Document 15) filed by Kennedy is **DENIED** and the Motion for Summary Judgment (Record Document 16) filed by defendants is **GRANTED**. All of Kennedy's claims against defendants are **DISMISSED WITH PREJUDICE**.

---

[1]The petition filed in state court names the Shreveport Police Department as a defendant. See Record Document 1-2, ¶ 1. Under Louisiana law, police departments are not juridical entities capable of suing or being sued. See La. R.S. 33:361. Both Louisiana state and federal courts have "consistently held that a plaintiff's suit against a police department should be dismissed because the police department is not a juridical entity." See Martin v. Davis, No. 06-1770, 2007 WL 763653, *2 (E.D.La. March 8, 2007) (citations omitted). In this case, it appears that defendants, out of an abundance of caution, have construed Kennedy's claim against the Shreveport Police Department as his attempt to assert a supervisory liability claim against the Chief of Police pursuant to Title 42, United States Code, Section 1983.

## **BACKGROUND**[2]

On March 17, 2007, Officer Jessica Powell ("Officer Powell") responded to a two vehicle collision to investigate a traffic accident and possible DWI. Upon her arrival, Officer Powell cleared bystanders from the scene of the accident, specifically ordering Kennedy to leave the scene. See Record Document 16, Exhibit A (Affidavit of Officer Powell) at ¶ 2. The interaction between Kennedy and Officer Powell was captured by the in-car video from her patrol unit and audio of the encounter was captured on her remote microphone.

---

[2]On May 9, 2008, defendants filed a detailed Statement of Undisputed Fact in support of their Motion for Summary Judgment. See Record Document 16-3. On May 28, 2008, counsel for Kennedy was issued a Notice of Deficiency because her opposition did not contain a separate statement of material facts, as required by Local Rule 56.2. See Record Document 21. Local Rule 56.2 provides:

> Each copy of the papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this rule.

On June 6, 2008, the deficiency was cured, as counsel for Kennedy submitted a one page Statement of Issues of Material Fact:

> 1. Whether Officer Powell used excessive force in escorting Firefighter Kennedy from the scene of an accident where he rendered aid until on duty help could arrive.
>
> 2. Whether the physical and mental injury suffered by Mr. Kennedy as a result of Officer Powell's actions was de minimis.

Record Document 23.
   The Statement of Issues of Material Fact (Record Document 23) filed by counsel for Kennedy is cursory at best. It does not identify any specific evidence in the record to dispute defendants' detailed Statement of Undisputed Fact and it is not this Court's duty to perform this task for Kennedy. See Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998). Thus, for purposes of the background section of the instant ruling, the Court has adopted defendants' Statement of Undisputed Fact.

See id. at ¶ 4.

Kennedy was an off-duty fireman who heard the traffic accident occur while he was attending a party in the Highland neighborhood. See id., Exhibit C-1 (Kennedy's Internal Affairs Complaint Affidavit). He left the party and went to the scene of the accident and arrived there before the Shreveport Fire and Police Departments. See id. None of the occupants of the vehicles involved in the accident requested medical attention and all involved in the accident refused medical care. See id. Yet, Kennedy waited on responding fire department units so that he could tell them what he knew and explain that no one involved in the accident wanted medical treatment. See id.

The Shreveport Fire Department arrived at the accident scene, followed by officers with the Shreveport Police Department. See id., Exhibit A at ¶ 2; Exhibit C. Kennedy admits that after the arrival of the Shreveport Fire Department he had no other basis to remain on the scene. See id., Exhibit D (Deposition of Kennedy) at 166-169. Police officers were conducting an accident investigation and determining whether one of the drivers involved in the accident was intoxicated. See id., Exhibit A at ¶ 2. At the time of Officer Powell's arrival, Kennedy was not involved in the investigation or providing treatment to any of the individuals involved in the accident. See id., Exhibit A at ¶ 2; Exhibit C. Officer Powell heard Kennedy make a comment regarding Sgt. Webb's son that she interpreted to be derogatory and potentially disruptive. See id., Exhibit A at ¶ 2. Specifically, Officer Powell heard Kennedy comment to Sgt. Webb about his son's head. See id., Exhibit A at ¶ 2; Exhibit D at 82. According to Officer Powell, Kennedy's comment indicated that he may become more disruptive, and in addition to the need to clear unnecessary persons from the accident scene and DWI investigation, was another reason

to require that he leave the accident scene.  See id., Exhibit A at ¶ 3.  Officer Powell instructed Kennedy to leave the scene, which instructions can be heard on the DVD of Officer Powell's in-car video.  See id., Exhibit A at ¶4; Exhibit J, Armstrong-A (Video and Audio of Interaction between Officer Powell and Kennedy).  As confirmed by the audio and video, Officer Powell told Kennedy to leave the scene repeatedly and then escorted Kennedy after he did not comply with those requests.  See id.

Officer Powell admits that she touched Kennedy with her flashlight as she was escorting him from the accident scene.  See id., Exhibit A at ¶ 2.  Kennedy contends that Officer Powell pushed him in the back at least three times, which caused his back to be "a little tight" for a week.  See id., Exhibit C; Exhibit D at 104, 120.  Kennedy admits that he was unaware of any bruising from the incident.  See id., Exhibit D at 104.  Other than the alleged "pushes" by Officer Powell, Kennedy does not contend that any other force was used by Officer Powell or any other officer.  See id., Exhibit D at 101-102.

Kennedy claims that his attorney sent him to a physician, but testified that he is unable to remember the name of that physician, or even what injuries he described to that physician.  See id., Exhibit D at 104, 121.  After being compelled to provide evidence of his treatment, he provided medical records which reveal no record of any visit to a physician following this incident for complaints of physical pain.  See id., Exhibit E (Order on Motion to Compel); Exhibit F (Defendants' Discovery Requests); Exhibit G (Kennedy's Supplemental Answers to Defendants' Discovery Requests).  Kennedy also contends that he was hurt worse "mentally" than "physically" because Officer Powell "humiliated and embarrassed him."  See id., Exhibit D at 104; Record Document 18 at 4.  Yet, Kennedy's medical records indicate that he did not receive counseling until one week after his

deposition in February 2008. See Record Document 16, Exhibit G; Record Document 22 at 3.

Kennedy filed suit in state court on May 21, 2007, seeking recovery under both state and federal law. See Record Document 1-2. Defendants sought removal to this Court and a removal order was entered on June 20, 2007. See Record Documents 1 & 2. Defendants answered on July 3, 2007, denying many of the allegations in the complaint and also asserting the defense of qualified immunity. See Record Document 5. The instant motions for summary judgment were filed on May 9, 2008. See Record Documents 15 & 16.

## LAW AND ANALYSIS

**I.     Summary Judgment Standard.**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002). If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue

for trial." Littlefield v. Forney Indep. Sch. Dist., 268 F.3d 275, 282 (5th Cir. 2001). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Alton v. Tex. A&M Univ., 168 F.3d 196, 199 (5th Cir. 1999).

**II.     Motion for Summary Judgment filed by Kennedy.**

Kennedy's Motion for Summary Judgment does nothing more than simply repeat the allegations set forth in the complaint. Further, Kennedy submits only an *unsigned* affidavit in support of his Motion for Summary Judgment. See Record Document 15 at 2, 9-10. The motion fails on this basis alone, as an unsigned affidavit is not competent summary judgment evidence and must be disregarded as summary judgment proof. See Okoye v. Univ. of Tex. Houston Health Science Ctr., 245 F.3d 507, 515 (5th Cir. 2001) (finding that employee's unsworn statement "is not competent summary judgment evidence because it does not comply with the requirements of Federal Rule of Civil Procedure 56(e)"); Nissho-Iwai Am. Corp. v. Kline, 845 F.2d 1300, 1306 (5th Cir. 1988) ("It is a settled rule in this circuit that an unsworn affidavit is incompetent to raise a fact issue precluding summary judgment."). Kennedy's Motion for Summary Judgment is denied.

**III.    Motion for Summary Judgment filed by Defendants.**

    **A.     Federal Claims against Officer Powell.**

Officer Powell has asserted qualified immunity, which shields officers from suit unless their conduct violates a clearly established constitutional right. See Mace v. City of Palestine, 333 F.3d 621, 623 (5th Cir. 2003). Courts determine qualified immunity with a two-step analysis: (1) whether the facts alleged, taken in the light most favorable to the

plaintiff, show that the officer's conduct violated a constitutional right; and (2) if the plaintiff has alleged a constitutional violation, whether the conduct was objectively reasonable in light of clearly established law at the time that the challenged conduct occurred. See Glenn v. City of Tyler, 242 F.3d 307, 312 (5th Cir. 2001). If a court finds no constitutional violation, the inquiry ends. See Mace, 333 F.3d at 623-624. "The touchstone of this inquiry is whether a reasonable person would have believed that his conduct conformed to the constitutional standard in light of the information available to him and the clearly established law." Glenn, 242 F.3d at 312. Under this standard, "even law enforcement officials who reasonably but mistakenly commit a constitutional violation are entitled to immunity." Id.

Kennedy claims that Officer Powell used excessive force, which is analyzed under the Fourth Amendment. The Supreme Court has noted:

> Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers . . . violates the Fourth Amendment. The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation.

Graham v. Connor, 490 U.S. 386, 396-397, 109 S.Ct. 1865, 1872 (1989). To succeed on his excessive force claim, Kennedy bears the burden of demonstrating an injury which resulted directly and only from the use of force that was excessive to the need and the force used was objectively unreasonable. See Glenn, 242 F.3d at 314. While a showing of a significant injury is not required, the Fifth Circuit does require a plaintiff alleging an excessive force claim to have suffered at least some form of injury. See id. More specifically, "the injury must be more than a de minimis injury and must be evaluated in the

context in which the force was deployed." Id.

Officer Powell admits that she touched Kennedy in the back with her flashlight as she was escorting him away from the scene. See Record Document 16, Exhibit A at ¶ 2. According to Kennedy's own deposition and complaint affidavit, Officer Powell pushed him in the back with her flashlight. See id., Exhibit C; Exhibit D at 82, 101, 109. The flashlight push or pushes are the basis for Kennedy's excessive force claim. Moreover, by Kennedy's own admission, the force used by Officer Powell caused his back to be only "a little tight" for about a week. See Record Document 16, Exhibit C; Exhibit D at 104, 120. Kennedy did not fall as a result of the push and he was unaware of any bruising from the incident. See id., Exhibit D at 101, 104. He also testified that he is unable to remember the name of the physician he visited or what injuries he described to that physician. See id., Exhibit D at 104, 121. The medical records do not reveal any record of a visit to a physician following this incident for complaints of physical pain. See id., Exhibits E-G. Kennedy also contends that he was hurt worse "mentally" than "physically" because Officer Powell "humiliated and embarrassed him." See id., Exhibit D at 104; Record Document 18 at 4. Yet, his medical records indicate that he did not receive counseling until one week *after* his deposition in February 2008, almost a full year after the incident. See Record Document 16, Exhibit G; Record Document 22 at 3.

The Court finds that Officer Powell is entitled to qualified immunity, as the facts alleged, taken in the light most favorable to Kennedy, do not show that Officer Powell's conduct violated Kennedy's right to be free from excessive force under the Fourth Amendment. Kennedy alleges physical pain as a result of the incident. Yet, when asked to detail such pain, he could only state that his back was tight for about a week and his

medical records do not support a visit to a physician following this incident for complaints of physical pain. See Houston-Hines v. Houston Indep. Sch. Dist., No. 04-3539, 2006 WL 870459, *5 (S.D.Tex. April 5, 2006) (finding that scratches, bruises, and soreness for about one week after the incident are nothing more than de minimis injuries and are not enough to raise a genuine issue of material fact to support the first element of an excessive force claim under Glenn). He also claims psychological injuries, but he did not seek counseling until one week after his February 2008 deposition, which was almost a year after the incident in question. See Martin v. City of Alexandria Mun. Police Dep't, No. 03-1282, 2005 WL 4909292, *11 (W.D.La. Sept. 16, 2005), citing Flores v. City of Palacios, 381 F.3d 391, 400-401 (5th Cir.2004) ("[O]nly substantial psychological injuries are sufficient to satisfy the injury element of a § 1983 claim for excessive force under the Fourth Amendment."). Kennedy's claim of embarrassment and humiliation, even coupled with his counseling in February 2008, do not amount to "substantial psychological injury" as contemplated to satisfy the injury element of a Section 1983 claim for excessive force under the Fourth Amendment. The undisputed evidence in the record establishes that Kennedy did not receive more than de minimis injuries as a result of the March 2007 incident involving Officer Powell. See Glenn, 242 F.3d at 314. Thus, he has failed to raise a genuine fact issue that Officer Powell violated the clearly established Fourth Amendment right to be free from the use of excessive force because the resulting injuries were de minimis. See id.; Houston-Hines, 2006 WL 870459, *5.[3]

---

[3]Additionally, even if Kennedy's tight back and embarrassment were deemed to be more than de minimis, the undisputed evidence is that these injuries were the result of no more than reasonable force. See Houston-Hines, 2006 WL 870459, *5. The audio evidence confirms that Kennedy had been repeatedly asked to leave the accident scene,

**B.    Federal Claims against the City of Shreveport.**

Kennedy has named the City of Shreveport as a defendant, asserting Section 1983 municipal liability. Specifically, Kennedy contends that "the failure to have a policy that prevents the kind of violations between officers and off duty officers who fulfill their responsibility to render aid is the 'policy' that has given rise to the kind of practices that facilitated the violation of . . . Kennedy's rights." Record Document 18 at 8. Kennedy maintains that it is the lack of such policy "that [was] the deliberate action necessary to maintain a [Section] 1983 claim." Id.

Under Section 1983, municipal liability generally requires proof of three elements: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose moving force is the policy or custom. See Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001), citing Monell v. Dep't of Social Servs., 436 U.S. 658, 98 S.Ct. 2018 (1978). Municipal liability shall not be predicated on respondeat superior. See id. "The three attribution principles identified here – a policymaker, an official policy and the 'moving force' of the policy – are necessary to distinguish individual violations perpetrated by local government employees from those that can be fairly identified as actions of the government itself." Id.

Kennedy's Monell claim against the City of Shreveport fails on multiple grounds. First, Kennedy has not identified an underlying violation of his constitutional rights. As set

---

which was the sight of an active police investigation. Kennedy also admits to making a comment about Sgt. Webb's son, which Officer Powell interpreted to be potentially disruptive. Officer Powell's use of her flashlight to assist in escorting Kennedy away from the scene was reasonable under the circumstances and was not a use of force that was excessive to the need as required by Glenn, 242 F.3d at 314.

forth previously in the Court's qualified immunity analysis, Kennedy failed to demonstrate that Officer Powell violated his clearly established Fourth Amendment right to be free from the use of excessive force. Thus, there is an absence of an underlying constitutional violation.

Moreover, Kennedy alleges municipal liability based on the City of Shreveport's "failure to have a policy that prevents the kind of violations between officers and off duty officers who fulfill their responsibility to render aid." Record Document 18 at 8. The Fifth Circuit recently addressed a similar argument in Barrow v. Greenville Indep. Sch. Dist., 480 F.3d 377 (5th Cir. 2007):

> Third, Barrow briefly asserts that GISD is a policymaker for failing . . . to adopt a policy forbidding the superintendent from using the unlawful patronage practice. This turns Monell on its head. Although there is the argument that the absence of a policy may be actionable *where the absence was intended by the municipality to avoid liability*, see Cornfield v. Consol. High Sch. Dist., 991 F.2d 1316, 1326 (7th Cir.1993), there's no evidence of such intent here.

Barrow, 480 F.3d at 381, n. 14 (emphasis added). Here, Kennedy has failed to present any evidence that the absence of "a policy that prevents the kind of violations between officers and off duty officers who fulfill their responsibility to render aid" was intended by the City of Shreveport to avoid liability. Accordingly, Kennedy's municipal liability claim against the City of Shreveport under Section 1983 must be dismissed.

**C.  Federal Claims against Former Interim Chief of Police Mike Vansant.**

Kennedy named the Shreveport Police Department as a defendant. Again, both defendants and this Court construe this as a claim against former Interim Chief Mike

Vansant ("Chief Vansant") for Section 1983 supervisory liability.[4] Kennedy makes no specific factual allegations against Chief Vansant in his petition. In opposing the Motion for Summary Judgment, Kennedy contends that Chief Vansant is "vicariously liable for the actions of his subordinates under the theory of respondeat superior because the City of Shreveport either failed to abide by, or implement a policy of professional courtesy to prevent this kind of altercation at the scene of an accident or investigation." Record Document 18 at 6.

Supervisory officials, such as Chief Vansant, may not be held liable under Section 1983 for the actions of subordinates on any vicarious liability or respondeat superior theories. See Estate of Davis ex rel. McCully v. City of North Richland Hills, 406 F.3d 375, 381 (5th Cir. 2005). Instead, Kennedy must show that the conduct of a supervisor such as Chief Vansant denied his constitutional rights. See id. Kennedy alleges failure to train, monitor, supervise, and punish. See Record Document 1-2, ¶ 12. Thus, he "must show that: (1) the supervisor either failed to [train, monitor, supervise, or punish] the subordinate official; (2) a causal link exists between the failure to [train, monitor, supervise, or punish] and the violation of [his] rights; and (3) the failure to [train, monitor, supervise, or punish] amounts to deliberate indifference." Estate of Davis, 406 F.3d at 381.

As to the second prong, Kennedy has not shown an underlying constitutional violation to which any the failure to train, monitor, supervise, or punish could be causally linked. Moreover, the record is devoid of any evidence that Chief Vansant failed to train, monitor, supervise, or punish Officer Powell or that any such failure amounted to deliberate

---

[4]While Chief Vansant is specifically mentioned in the state court petition, he is not listed as a named defendant in paragraph 1.

indifference. Accordingly, Kennedy's supervisory liability claim against Chief Vansant under Section 1983 must be dismissed.

    **D.**    **State Law Claims.**

Kennedy also asserts state law tort claims arising from his allegation that Officer Powell used excessive force during the March 2007 incident. See Record Document 1-2, ¶ 11. "Under Louisiana law, the same standard is used in analyzing a state law claim of excessive force as a constitutional claim, namely reasonableness under the circumstances." Reneau v. City of New Orleans, No. 03-1410, 2004 WL 1497711, *4 (E.D.La. July 2, 2004), citing Kyle v. City of New Orleans, 353 So.2d 969, 973 (La.1977); Mathieu v. Imperial Toy Corp., 646 So.2d 318, 323 (La. 1994). The Court has granted Officer Powell qualified immunity, finding both that Kennedy's injuries were de minimis and that Officer Powell's use of force was reasonable and not excessive to the need. As the Court has found that Officer Powell acted reasonably under the circumstances, Kennedy's state law claims must fail as well. See id.

## CONCLUSION

The Court finds that Officer Powell is entitled to qualified immunity, the municipal liability claim against the City of Shreveport fails as a matter of law, and the supervisory liability claim against Chief Vansant fails as a matter of law. Moreover, Kennedy's state law claims fail, as the Court has ruled that Officer Powell acted reasonably under the circumstances.

Accordingly, the Motion for Summary Judgment (Record Document 15) filed by Kennedy is **DENIED** and the Motion for Summary Judgment (Record Document 16) filed

by defendants is **GRANTED**.  All of Kennedy's claims against all defendants are dismissed with prejudice.  A judgment consistent with the instant Memorandum Ruling shall issue herewith.

  **THUS DONE AND SIGNED** at Shreveport, Louisiana, this 13th day of June, 2008.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE